# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ZUBALI IKANGUA BELL,** | ) | CASE NO.   1:18CR89 |
| | ) | 1:20CV2634 |
| **Defendant-Petitioner,** | ) | |
| | ) | **SENIOR JUDGE** |
| vs. | ) | **CHRISTOPHER A. BOYKO** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Plaintiff-Respondent.** | ) | |

**<u>CHRISTOPHER A. BOYKO, SR. J.</u>:**

Defendant Bell seeks to vacate his conviction under 28 U.S.C. § 2255 due to his attorney's ineffective assistance. (Doc. 63). But the Court finds Defendant's attack meritless. Accordingly, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND FACTS

On February 28, 2018, a Grand Jury indicted Defendant and one other on one charge of Bank Robbery in violation of 18 U.S.C. §§ 2113(a) and 2. Section 2 of Title 18 punishes those who aid and abet others in the commission of a crime. The purported evidence in this case would have shown that the co-defendant, Qaid Azeem, robbed a bank and then entered a car that Defendant drove from the scene. During the drive, Defendant ran a stop sign and refused to pull-over when law enforcement tried to stop the vehicle.

On August 13, 2018, Defendant pleaded guilty to the Indictment. The Court held a Change of Plea hearing, where it went through the standard Rule 11 plea colloquy. Upon doing so, Defendant acknowledged that: i) no one made any threats or promises to compel his plea; ii)

he understood the charge against him; iii) his attorney discussed the elements of the charge against him; and iv) he had no questions regarding the elements of the charge against him. Defendant also acknowledged that the following facts "supported the elements of the charge against Defendant beyond a reasonable doubt:"

> On or about December 6 of 2017 in the Northern District of Ohio, Defendant and his co-defendant robbed a Dollar Bank branch in Richmond Heights, Ohio of approximately $1,935. Specifically, Mr. Azeem entered the bank and stole the money, and [*Defendant*] *acted as the getaway driver*.

(Doc. 57, PageID: 246-47) (emphasis added). The Court ultimately found that Defendant had "knowingly, voluntarily and intelligently entered his plea with a full understanding of his Constitutional rights, a full understand of everything the Court ha[d] discussed with him" and that "a substantial factual basis…support[ed] the elements of the charge against him beyond a reasonable doubt." (*Id.* at PageID: 248-49).

Because of his plea, the Court acknowledged that Defendant took the first step towards accepting responsibility for his actions. And "as long as [Defendant's] conduct [was] consistent with [his guilty plea, Defendant] would receive a [reduction for acceptance of responsibility]." (*Id.* at PageID: 247). On November 20, 2018, the Probation Department agreed with the Court. It recommended a three-level reduction for acceptance of responsibility, even though "Defendant and defense counsel [were] working on a statement" regarding Defendant's acceptance of responsibility. (Doc. 32).

That statement never came. Instead, more than three months after his guilty plea, Defendant filed a Motion to Withdraw his Guilty Plea. (Doc. 34). In this Motion, counsel stated that Defendant "ha[d] not apprised counsel of the precise reasons for seeking withdrawal, other than a claim of innocence." (*Id.*, at PageID: 176). The Court conducted a hearing on

Defendant's Motion. At the hearing, counsel reiterated that Defendant wanted to file his Motion based on a professed innocence. Other than that general claim, counsel asked the Court to directly question Defendant. The Court did just that. And Defendant answered saying that he felt he was innocent and he did not want to "cop out" and plead guilty. Defendant also acknowledged that his attorney did not force him to plead guilty. After going through the pertinent legal factors, the Court denied Defendant's Motion. (*See generally*, Doc. 59).

On January 4, 2019, the Court sentenced Defendant to 63 months imprisonment, followed by three years of supervised release. In doing so, the Court determined Defendant was not entitled to any guideline reduction for acceptance of responsibility, despite defense counsel advocating for at least one-point. Defendant also professed why he 'felt' innocent – he was an unwitting driver of the car and that he did not know Azeem intended to rob the bank. (*See generally*, Doc. 58).

On November 22, 2019, the Sixth Circuit affirmed Defendant's conviction and sentence. *United States v. Bell*, 795 Fed. App'x 398 (6th Cir. 2019). The Sixth Circuit considered two issues on appeal. Regarding the first, the Sixth Circuit held that the record was incomplete for it to consider Defendant's claim of ineffective assistance of counsel related to the Change of Plea Hearing. *Id.* And as to the second, the Sixth Circuit found that the Court did not abuse its discretion in denying Defendant's Motion to Withdraw his Guilty Plea. *Id.*

Defendant thereafter timely filed his Motion to Vacate under 28 U.S.C. § 2255. (Doc. 63). He raised two Grounds for Relief:

> **Ground One**: Ineffective assistance of counsel when counsel failed to present Defendant's facts to the Court as sufficient grounds for withdrawing his plea.
>
> **Ground Two**: Ineffective assistance of counsel when counsel failed to argue for the two-level reduction for acceptance of responsibility.

(*Id.* at PageID: 379, 393). The Government filed its Opposition to Defendant's Motion. (Doc. 64). Defendant later filed a Reply. (Doc. 65). And in his Reply, Defendant, for the first time, made his clearest argument that he did not enter his plea with adequate knowledge of the elements of the offense. (*Id.*).

After review of the pleadings and the record, the Court found it necessary to expand the record to include an Affidavit from Attorney Russell Bensing, Defendant's counsel at all relevant times during this proceeding. Accordingly, the Court ordered Attorney Bensing to produce an Affidavit (Doc. 66), which counsel complied with, (Doc. 67). Defendant did not respond, despite given the opportunity to do so. (*See* Doc. 66, allowing Defendant fourteen days to respond to counsel's Affidavit).

## II. Law & Analysis

### A. Standard of Review

Section 2255 of Title 18, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

"In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'"

*Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

B. **Ineffective Assistance of Counsel**

Both of Defendant's Grounds for Relief relate to Attorney Bensing's ineffective assistance. To prevail on a claim of ineffective assistance of counsel, Defendant "must meet the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984), and subsequently tailored to the guilty-plea context, *see Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012)." *Rodriguez-Penton v. United States*, 905 F.3d 481, 486 (6th Cir. 2018). Under the performance prong, Defendant must show "that counsel's representation fell below an objective standard of reasonableness." *Lafler*, 566 U.S. at 163. Under the prejudice prong, and in the context of pleas, Defendant "must show the outcome of the plea process would have been different with competent advice." *Id.*

Finally, a court's review "of counsel's performance is highly deferential and requires that it indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Gillard v. Mitchell*, 445 F.3d 883, 890 (6th Cir. 2006) (citations omitted).

C. **Ground One – Motion to Withdraw Guilty Plea**

With his first Ground, Defendant claims counsel was ineffective because counsel did not present facts to support the motion to withdraw his guilty plea. Defendant claims he did not have the specific intent to rob the bank, but rather acted as an unwitting driver for his friend, Azeem. The Government counters, arguing that Ground One fails because Defendant's proposed defense is meritless. And since the defense is meritless, counsel had no obligation to present it to the Court. The Court agrees with the Government.

*i.     Inadequate Performance*

In his Affidavit, Attorney Bensing stated that Defendant desired to withdraw his plea because Defendant was innocent. Bensing found this change in heart to be disingenuous based on prior discussions with Defendant. And, because he did not have a duty to advance a frivolous argument, Bensing stated that he did not further advocate for withdrawing the plea. (*See* Doc. 67, ¶¶s 10-12). Defendant asserts just the opposite – he told counsel he did not know that Azeem was going to rob the bank and thus counsel knew the reasoning for withdrawing the plea. (Doc. 63-2, PageID: 405).

The Court finds that counsel's rendition of facts aligns with the record in this case. First, Defendant's Motion to Withdraw indicated that Defendant did not tell counsel the reasons for withdrawing the guilty plea. As of November 7, 2018, Defendant did not even tell counsel he wanted to withdraw his plea. (Doc. 67-1, PageID: 476). The Court held the Motion to Withdraw Hearing on December 4, 2018. Thus, any claim by Defendant that counsel knew for a long period of time the reasons for withdrawing the plea are doubtful.

Second, counsel made a similar statement on the record at the Motion to Withdraw Hearing. Counsel stated on the record that he believed that the motion was predicated upon Defendant's belief of innocence. (Doc. 59, PageID: 277-78). The Court believes counsel's representations in open court and on the record.

Finally (and most damaging to Defendant's rendition of the facts), Defendant did not put forward his defense when given the opportunity. Not only does this demonstrate a lack of prejudice (discussed more below), but also lends credence to counsel's position that he did not know the factual basis for withdrawing the plea. Defendant's self-serving averments otherwise are unsupported by the record or any other material and therefore cannot support his claim.

Accordingly, the Court holds that counsel did not perform unreasonably by not arguing in favor of withdrawing the plea because he did not know the factual basis for doing so.

    *ii.*    *Prejudice*

Even if counsel performed unreasonably, that performance did not prejudice Defendant. Courts typically consider seven, non-exhaustive, factors when considering a request to withdraw a plea. *United States v. Baker*, 2022 WL 1017957, *3-4 (6th Cir. Apr. 5, 2022). Those factors include: 1) the amount of time elapsed between the plea and motion to withdraw; 2) the presence or absence of a valid reason for failing to move for withdrawal in earlier proceedings; 3) the defendant's maintenance of innocence; 4) the circumstances underlying the guilty plea; 5) the nature and background of the defendant; 6) the defendant's prior experience with the criminal justice system; and 7) the potential prejudice to the government if the motion is granted. *Id.* (citing *United States v. Goddard*, 638 F.3d 490, 494 (6th Cir. 2011)).

Defendant's purported defense – that he did not have the requisite intent – does not fit neatly into any of the seven categories. Nor does Defendant specifically claim that it does. Making the argument for Defendant, the fourth factor is the best fit. It is true, the Government could have been clearer in providing the factual basis for the guilty plea, specifically explaining aiding and abetting liability. But the Government did indicate that "[Defendant] and his co-defendant [Azeem], robbed a Dollar Bank branch[.]" (Doc. 57, PageID:246). And the Court notes and highlights the connotation that "getaway driver" carries, especially in the context of robbing a bank. (*Id.* at PageID: 247). Further, counsel indicated he discussed the elements with Defendant and that Defendant understood the elements. (*Id.* at PageID: 246); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity"). Attorney Bensing's Affidavit supports the same facts. (Doc. 67,

PageID: 475). Thus, the Court finds that Defendant cannot now argue that he was unaware of his co-defendant's actions considering the Government's facts, which Defendant admitted constituted the crime he faced.

Additionally, the Sixth Circuit analyzed the same seven factors with Defendant's purported defense in mind. Even after affording Defendant that opportunity, the Circuit Court still agreed that the Court did not abuse its discretion. *See Bell*, 795 Fed. App'x at 402-03.

Finally – and again, most damaging – Defendant had the opportunity to raise the defense himself but neglected to do so. The Court provided the opportunity for Defendant to make the claims he now makes. It is not counsel's fault that Defendant failed to make the argument when asked.

Accordingly, even if counsel performed inadequately (which he did not), the Court holds that counsel's actions could not have prejudiced Defendant.

**D.    Ground Two – Acceptance of Responsibility**

With his second Ground, Defendant argues that counsel provided ineffective assistance of counsel by not arguing for a two-level reduction for acceptance of responsibility. According to Defendant, the Court would have reduced Defendant's total base offense calculation by two levels for his acceptance, but counsel interfered. The Government argues that the reason the Court did not credit his acceptance of responsibility is due to Defendant's own actions, rather than counsel's.

Defendant's argument is a non-starter. Section 3E1.1 of the United States Sentencing Guidelines allows a court to decrease the offense level by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense[.]" U.S.S.G. § 3E1.1(a). A defendant may earn an additional third level reduction "[i]f the defendant qualifies for a decrease under" §

3E1.1(a).  *Id.* at § 3E1.1(b).  However, a defendant is not entitled to this adjustment under this section as a matter of right.  U.S.S.G. § 3E1.1, n. 3.  Rather, conduct that is inconsistent with acceptance of responsibility can outweigh the evidence of acceptance of responsibility conferred by a guilty plea.  *Id.*  Indeed, the Sixth Circuit has found that district courts do not err when they deny the reduction due to a defendant's motion to withdraw a guilty plea.  *See United States v. Bradford¸* 822 Fed. App'x 335, 340 (6th Cir. July 30, 2020); *United States v. Wilder*, 161 Fed. App'x 545, 554 (6th Cir. Jan. 4, 2006).

Here, Defendant's insistence that counsel withdraw the guilty plea resulted in the Court's denial of the acceptance adjustment under U.S.S.G. § 3E1.1.  When Defendant initially pleaded guilty, the Court admonished Defendant, stating that "as long as your conduct is consistent with what you're doing today up to the time of sentencing, you will receive a [reduction for acceptance of responsibility]."  (Doc. 57, PageID: 247).  The Probation Department agreed but put the Court on notice that Defendant was working on a statement of acceptance with counsel. (Doc. 32, PageID: 156).

Despite these initial discussions of credit for accepting responsibility, Defendant overlooks his next actions.  He sought to withdraw his plea *after* the Probation Department issued its Presentence Report.  The Court found it 'obvious' that Defendant did not qualify for the two-point reduction, although it allowed counsel to advocate for a one-level decrease because the Government did not have to try the case.  This ruling was correct, as moving to withdraw a guilty plea "is inconsistent with acceptance of responsibility."  *United States v. Gitten*, 701 Fed. App'x 786, 788-89 (11th Cir. July 5, 2017).

The Court admonished Defendant to act consistent with his guilty plea.  Defendant did not.  It was not error, nor did counsel prejudice Defendant by not advocating for the two-level

reduction in the total offense level. Accordingly, Defendant's Ground for Relief Two fails on its merits.

**E.     Defendant's Reply**

In his Reply, Defendant makes his most coherent argument for why the Court should vacate his conviction – that he did not enter his guilty plea knowingly and voluntarily because counsel did not inform Defendant of the proper elements of the offense.

To the extent the Court considers the merits of this claim,[1] the Court finds it meritless. The Court engaged in "an extensive plea colloquy", *Bell*, 795 Fed. App'x at 399, ultimately finding that Defendant had knowingly, voluntarily and intelligently entered his plea. The Court found a substantial factual basis supported the elements of the charge. Indeed, as discussed above, the term 'getaway driver' connotes Defendant's actions and knowledge in this case. At the time of his plea, Defendant understood that connotation. And at the time of the Motion to Withdraw hearing, Defendant claimed counsel did not force him to plead. (Doc. 59, PageID: 279). Additionally, the Presentence Report – which facts Defendant did not object to – described Defendant driving his co-defendant away from the bank, with cash, gloves, a black-ski mask and a black hooded sweatshirt in the car. The Court is skeptical of Defendant's argument that he did not know his co-defendant robbed the bank and that Defendant did not act as the 'getaway driver.'

As such, even if the Court could consider the claim, Defendant cannot attack the voluntariness of his plea.

---

[1] Defendant likely waived this argument because he raised it for the first time in Reply and not his original Motion to Vacate. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) ("We have consistently held…that arguments made to us for the first time in a reply brief are waived");

## III. CONCLUSION

Defendant's two Grounds for Relief fail on their merits. The Court therefore **DENIES** Defendant's Motion.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Defendant has failed to make a substantial showing that he was denied any constitutional right. The Court thus declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); 28 U.S.C. § 2255, Rule 11(a); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO
Senior United States District Judge**

**Dated: June 27, 2022**